UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VITO GUIDICE,

    Plaintiff,

-against-

GEORGE MEYERS, Supervisor, in his individual capacity, and the TOWN OF NEW WINDSOR,

    Defendants.

JUDGE McMahon

COMPLAINT

JURY TRIAL DEMANDED

ECF Case

ECF CASE

05 CIV. 759

## INTRODUCTION

This is an action brought pursuant to the First Amendment to the United States Constitution alleging violation of the free speech and free association clauses. Defendants discharged plaintiff from his employment because he refused to divulge his secret ballot in a political vote and allegedly associated with political enemies of the Supervisor.

## PARTIES

1. Plaintiff Vito Guidice is a resident of the Town of New Windsor, County of Orange.

2. Defendant Town of New Windsor is a municipality organized pursuant to the laws of the State of New York. It may sue and be sued.

3. Defendant George Meyers is the Town of New Windsor Supervisor and a State actor under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

4. As plaintiff brings this action under the First Amendment to the United States Constitution, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1343(3) & (4) and 42 U.S.C. §§ 1983 and 1988.

5. This case is venued in the Southern District of New York because the actions giving rise to this Complaint arose in the County of Orange, within this Judicial district.

FACTUAL AVERMENTS

6. In or about February 1999, Plaintiff Vito Guidice commenced employment with the Town of New Windsor Recreation Department.

7. At all times relevant herein, Guidice's direct supervisor was Michael Napoli and the Supervisor of Buildings and Grounds was Michael Babcock.

8. At all times relevant herein, Guidice was also a member of the Town of New Windsor Republican Committee.

9. If a vacancy occurred in the Republican Committee, a person wishing to join the Committee could do so by vote of the Committee, if she/he received a majority plus one vote of those members present.

10. In or about August 2004, defendant Meyers expressed a desire to join the Republican Committee.

11. Guidice was present at the September meeting of the Republican Committee, as was Town Clerk Deborah Green, who sat next to him.

12. By secret ballot, the Committee voted 20-19 to allow Meyers to join.

13. The following day, Guidice was summoned to Meyers' office where Meyers demanded to know how Guidice had voted and threatened to take away his job.

14. Meyers also accused Guidice of associating with Deborah Green, an elected official with whom Meyers feuded throughout 2004.

15. In or about May 2004, Meyers had ordered all Town employees and officials to refrain from associating with Green.

16. Refusing to reveal his vote, Guidice responded that this was a secret ballot. He also said that Green had sat down next to him at the Republican Committee meeting.

17. Two weeks later, Napoli and Babcock told Guidice that he was being transferred the next day to the Town Highway Department where he would have to work on the garbage trucks.

18. Guidice, who is 67 years old, felt sick and asked Napoli if he could go home. Napoli agreed that Guidice should take the rest of the day off.

19. That afternoon, Guidice phoned Henry Kroll, the Highway Superintendent, and told him that he would report to work at 7:00 a.m. the following day.

20. A half hour later, Kroll called Guidice back and told him that he was being fired for abandoning his job and that Meyers had already "signed the papers." This excuse was pretextual since Guidice had received permission to miss work.

21. In addition, in light of Guidice's age, his assignment to work on the garbage trucks and engage in heavy lifting was unreasonable and made in bad faith.

22. Meyers maliciously and wantonly caused Guidice to be fired in retaliation for his refusal to reveal his vote and for Meyers' belief that Guidice associated with Green, Meyers' political opponent.

23. With Meyers as Supervisor, the Town of New Windsor has a long-established custom or practice of violating the First Amendment rights of its employees, and such custom or practice was a proximate cause of plaintiff's termination.

24. Meyers, who was personally involved in plaintiff's termination, has final policymaking authority with respect to the Town's personnel actions.

25. As a result of defendants' misconduct, Guidice suffered infringement of his most basic rights as a citizen, lost wages, humiliation, pain, and other emotional distress.

CAUSES OF ACTION

26. Plaintiff incorporates paragraphs 1-25 as if fully restated herein.

27. By terminating plaintiff's employment because he refused to reveal his vote as a Republican committeeman, defendants violated the First Amendment to the United States Constitution, as made actionable through 42 U.S.C. §1983.

28. By terminating plaintiff's employment because of his association with defendants' political rivals, defendants violated the First Amendment to the United States Constitution, as made actionable through 42 U.S.C. §1983.

WHEREFORE, plaintiffs pray that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this case;

c. award plaintiff compensatory damages for lost wages and other benefits, pain and suffering;

d. award punitive damages against defendant Meyers for his malicious and wanton actions;

e. order plaintiff's reinstatement to his former position with the Recreation Department;

e. award to plaintiff the reasonable attorneys' fees and costs incurred in prosecuting this action; and

      f.      award any other relief deemed appropriate.

Dated: January 20, 2005
       Chester, New York

Respectfully submitted,

S/ *[signature]*
HELEN G. ULLRICH
STEPHEN BERGSTEIN

THORNTON, BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiffs

5